**WENDEL, ROSEN, BLACK & DEAN LLP**
EUGENE M. PAK (Bar No. 168699)
JOSHUA D. COHEN (Bar No. 184067)
JENNIFER P. TANG (Bar No. 280321)
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600 | Fax: (510) 834-1928
Email: epak@wendel.com
Email: jcohen@wendel.com
Email: jennifertang@wendel.com

Attorneys for LANOLIPS PTY LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| LANOLIPS PTY LTD, an Australian company,<br><br>Plaintiff,<br><br>vs.<br><br>GDM ENTERPRISES, LLC dba The Lano Company, a Missouri limited liability company, and Does 1-10<br><br>Defendant. | Case No.<br><br>**COMPLAINT TRADEMARK INFRINGEMENT, BREACH OF CONTRACT AND RELATED CLAIMS; JURY TRIAL DEMAND** |

Plaintiff LANOLIPS PTY LTD complains and alleges against GDM ENTERPRISES, LLC dba The Lano Company, as follows:

**THE PARTIES**

1. Plaintiff Lanolips Pty Ltd ("Lanolips" or "Plaintiff") is an company organized under the laws of Australia with its principal place of business located at c/o 5 Black Street, Vaucluse NSW 2030, Australia. Plaintiff sells its lip and skin care products in the United States including in California and in this judicial district.

2. On information and belief, Defendant GDM Enterprises, LLC ("GDM" or "Defendant") is a limited liability company organized under the laws of the state of Missouri, with its principal place of business at 15724 Meadowbrook Court, Raymore, Missouri 64083.

3. On information and belief, Defendant GDM's owners are Miranda Coggins and Layne Coggins, who are citizens of the State of Missouri.

## JURISDICTION AND VENUE

4. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 et seq. (15 U.S.C. §§ 1114 and 1125), and under the common law of the State of California. This Court has subject matter jurisdiction over the federal trademark, false designation of origin, false or misleading statement of fact, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5. The amount in controversy between the parties exceeds $75,000.

6. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant because Defendant has extensive contacts with, and conducts business within, the State of California and this judicial district; Defendant has caused its products to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff including in this judicial district. Plaintiff is further informed and believes, and on that basis alleges, that Defendant maintains online retail websites at www.purelano.com and www.thelanocompany.com at which it sells its products, and also promotes and sells its products on other online retail sites such as QVC.com and Amazon.com, to consumers throughout the United States including California and this judicial district.

7. Plaintiff is informed and believes, and on that basis alleges, that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendant has extensive contacts with, and conduct business within, the State of California and this judicial district; Defendant has caused its products to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff including in this judicial district. Plaintiff is further informed and believes, and on that basis alleges, that Defendant maintains online retail websites at www.purelano.com and www.thelanocompany.com at which it sells its products, and

1  also promotes and sells its products on other online retail sites such as QVC.com and
2  Amazon.com, to consumers throughout the United States including California and this judicial
3  district.

## FACTUAL BACKGROUND

### Lanolips' Business and the LANO LIP Trademark

6      8.    Plaintiff Lanolips is a leading maker of lanolin-based natural lip and skin care
7  products.  Founded in 2009 by Kirsten Carriol, a beauty industry veteran in Australia, Lanolips
8  now sells its lip balms, lotions, creams and other products in numerous countries including in the
9  United States and in California, and has been featured in numerous media publications.  Lanolips
10 has also received many awards including from *Elle Magazine, InStyle, Glamour*, and
11 *Cosmopolitan*, among many others.  Lanolips' award-winning products are enormously successful
12 and are available online at leading beauty products retailers such as Ulta Beauty and Net-A-Porter,
13 as well as the online retailer Amazon.com. Since at least as early as 2009, Lanolips has
14 continuously used the trade name and trademark LANOLIPS and LANO LIPS or variations
15 thereof to market and sell its products.

16     9.    On or about June 30, 2016, Lanolips acquired from Defendant GDM all right, title,
17 in the mark LANO LIP pursuant to an  Assignment and Settlement Agreement dated June 30,
18 2016 (the "Agreement"). Under the Agreement, Lanolips also acquired U.S. federal trademark
19 registration for the mark LANO LIP (Reg. No. 3849419) from GDM and the goodwill of the
20 business related to the mark.  A true and correct copy of the Agreement (with certain portions
21 redacted) is attached hereto as Exhibit A.

22     10.    As  result of the Agreement, Lanolips is the owner of  a U.S. federal trademark
23 registration for the mark LANO LIP (Reg. No. 3849419) (the "Registration").  Lanolips recorded
24 the assignment of the Registration from GDM to Lanolips with the U.S. Patent & Trademark
25 Office on July 14, 2016 (Reel/Frame No. 5828/0399).  The registration covers "lip balm," "lip
26 cream," and other products for the protection and care of lips.  A true and correct copy of
27 Registration No. 3849149  and the assignment recordal records for the Registration are attached
28 hereto as Exhibit B.

11. The Registration is in full force and effect on the Principal Register of the U.S. Patent & Trademark Office and has obtained incontestable status. The Registration gives rise to presumptions in favor of Lanolips with respect to validity, ownership, and exclusive rights to use the LANO LIP Mark throughout the United States.

12. In addition to its federal Registration, Lanolips has devoted substantial time, effort, and resources to the development and extensive promotion of its LANOLIPS and LANO LIPS mark and trade name, and the products offered thereunder including in print and online publications, social media (Facebook, Instagram, Twitter, LinkedIn, YouTube), other marketing efforts, and the continuous and unsolicited media coverage for its products. Due to Lanolips' efforts and this publicity, the public has come to recognize and rely upon Lanolips' marks and name as an indication of the high quality associated with Lanolips' products. As a result of this and its acquisition of rights from GDM, Lanolips is the owner of the LANOLIPS, LANO LIPS and LANO LIP trademarks and trade name in the United States (hereafter, collectively, the "LANO LIP Marks").

### GDM's Breach of Contract

13. Under the Agreement, in addition to assigning all right, title, and interest to the LANO LIP mark to Lanolips, GDM agree to various other things.

14. Under Section 7.1(a) of the Agreement, GDM agreed to cease using the LANO LIP mark. See Exhibit A.

15. Under Section 7.1(b) of the Agreement, GDM further agreed to permanently refrain from using any sign, name or reference which contains "lip," "lips", "-lip", "-lips" or any other various thereof "immediately after the word 'lano.'" See Exhibit A.

16. Under Section 7.1(c) of the Agreement, GDM further agreed to permanently "remove all references to the LANO LIP Mark from . . . its publication and marketing materials (including any print advertising and digital publications)." See Exhibit A.

17. Under Section 7.1(d) of the Agreement, GDM further agreed to permanently "refrain from causing to be manufactured, importing, distributing, selling, offering for sale or promoting any products to third parties bearing the LANO LIP Mark." See Exhibit A.

18. Under Section 7.1(e) of the Agreement, GDM agreed to "use its best endeavors to ensure than any third party (including [GDM's] authorized distributors, retailers and resellers of any products bearing the LANO LIP Mark) . . . [to] cease distributing or selling products bearing the LANO LIP mark" and to "remove and cease publication or communication to the public of any marketing or promotional materials for any products bearing the LANO LIP Mark."

19. Under Section 7.1(g) of the Agreement GDM agreed to permanently "refrain from using components of the LANO LIP Marks, the Lanolips Marks or any other variation of the LANO LIP Mark or Lanolips Mark in any manner, including as meta tags, search engine keywords or as part of any communication in any media now or in the future, to redirect traffic or otherwise target consumers of the LANO LIP Mark or the Lanolips Mark." See Exhibit A.

20. Under Section 7.1(j) of the Agreement GDM agreed to "not procure, permit, or assist any person to directly or indirectly do any of the things referred to [in] clauses 7.1(a) above, which if done by [GDM], would constitute a breach of this Agreement." See Exhibit A.

21. On information and belief, despite these provisions in the Agreement, GDM recently breached the Agreement by, among other things, using the mark "Lano Lip" including within "Pure Lano Lip Balm," "Pure Lano Lip Treatment," and "Pure Lano Lip & Cuticle Treatment" (hereafter the "Infringing Marks") to refer to and identify such products (the "Infringing Products") sold on the website of the popular online retailer, QVC, at the QVC website at www.qvc.com.  True and correct copies of the QVC product pages for each of these three products from on or about October 18, 2016 are attached hereto as Exhibit C.

22. In fact, when one enters the terms "lano lip" or "lanolip" in the search box of the QVC website, the Infringing Products "Pure Lano Lip Balm," "Pure Lano Lip Treatment," and "Pure Lano Lip & Cuticle Treatment" appears in the search results. True and correct copies of the QVC search results for "lano lip" and "lanolip" from on or about October 17, 2016 are attached hereto as Exhibit D.

23. And when one searches the terms "lano lip" or "lano lips" using the popular Internet search engines Google and Yahoo!, these same Infringing Products with their Infringing Names appear as *sponsored* links and images in the Google and Yahoo! search results.  On

information and belief Defendant purchases and uses, without authorization from Lanolips, Plaintiff's LANO LIP Mark or confusingly similar variations thereof, as a "keyword" in Internet keyword advertising programs, including Google's AdWords program and Yahoo!'s Marketing Solutions program. As a result, when a consumer types in ""lano lip" or "lano lips" as a search term on the Google and Yahoo! search engines, the consumer is confronted with a list of advertisements from Defendant that directly offer GDM's Infringing Products for sale. The header and text of the resulting sponsored links on Google and Yahoo contain the Infringing Marks. True and correct copy of the resulting Google search results pages and the Yahoo! search results pages for the search terms "lano lip" and "lano lips" from on or about October 17 and 18, 2016 are attached hereto as Exhibit E.

24. Similarly, on the online retail site Amazon.com, when one searches the terms "lano lip" or "lano lips" using the Amazon search function, the Infringing Product "Pure Lano Lip Balm" and other GDM products appear in the search results. On information and belief, Defendant uses Plaintiff's LANO LIP Marks or confusingly similar variations thereof, as the name of the product and in the HTML source code including as meta tags, without authorization from Lanolips and in violation of the Agreement. True and correct copy of the resulting Amazon.com search results and the Amazon product page for the "Pure Lano Lip Balm" from on or about October 17, 2016 are attached hereto as Exhibit F.

25. Defendant's conduct as described above constitutes breaches of the Agreement including breaches of Sections 7.1(a) through (e), (g) and (j) of the Agreement. On information and belief, Defendant's conduct is willful and intentional.

**GDM's Infringement of Lanolips' Trademark Rights**

26. Defendant's use of the Infringing Marks and confusingly similar variations thereof, as described above, on the QVC site and Amazon.com, as search engine keywords, in the text of the resulting sponsored links on Google and Yahoo, and in the resultant search results, are likely to confuse, mislead, and deceive consumers as to the source, origin, affiliation and/or endorsement of GDM's products by Lanolips in violation of Lanolips' rights under the federal Lanham Act (15 U.S.C. § 1114 and 1125(a)) as well as state common law and unfair competition law.

27. GDM's products marketed and sold under the Infringing Marks are the same or similar type of products that are marketed and sold by Lanolips.

28. GDM's products marketed and sold under the Infringing Marks are marketed and sold through the same or similar trade channels as products marketed and sold by Lanolips, including through online retail sites, and are marketed and sold to the same target customers as Lanolips' customers.

29. On information and belief, Defendant's actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff's LANO LIPS Marks. On information and belief, Defendant GDM knew or should have known that its conduct was likely to cause confusion, particularly in light of the Agreement between the Parties and GDM's prior claims of infringement against Lanolips, and GDM has willfully and intentionally infringed Lanolips' rights.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement under 15 U.S.C. §§ 1114

30. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 29 of this Complaint.

31. The actions of Defendant described above and specifically, without limitation, its unauthorized use of the Infringing Marks, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell Defendant's Infringing Products throughout the United States including California, constitute trademark infringement in violation of 15 U.S.C. §§ 1114.

32. The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer harm and damages consisting of, among other things, diminution in the value of and goodwill associated with the LANO LIPS Marks, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

33. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of Defendant's Infringing Products, and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing

confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

**Federal Unfair Competition and False Designation of Origin under 15 U.S.C. §1125(a)**

34. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 33 of this Complaint.

35. Defendant's actions described above and specifically, without limitation, Defendant's use of the Infringing Marks, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell Defendant's Infringing Products throughout the United States including California, constitute a false designation of origin, false or misleading description and representation of fact, false advertising, and unfair competition and in violation of 15 U.S.C. § 1125(a).

36. Consumers are likely to be misled and deceived by Defendant's use of the Infringing Marks as alleged above.

37. As an actual and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered harm and damages, and unless Defendant are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

38. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of Defendant's Infringing Products, and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

**Trademark Infringement and Unfair Competition in Violation of California Common Law**

39. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 38 of this Complaint.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

40. Defendant's actions described above and specifically, without limitation, Defendant's use of the Infringing Marks, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell Defendant's Infringing Products throughout the United States including California, constitute trademark and trade name infringement and unfair in violation of California common law..

41. Consumers are likely to be misled and deceived by Defendant's use of the Infringing Marks as alleged above.

42. As an actual and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages and harm, and unless Defendant are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill. .

## FOURTH CAUSE OF ACTION

**Statutory Unfair Competition and False Advertising under
California Business and Professions Code §§ 17200 and 17500 et seq.**

43. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 42 of this Complaint.

44. Defendant's actions described above and specifically, without limitation, Defendant's use of the Infringing Marks, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell Defendant's Infringing Products throughout the United States and California, constitute unfair competition and false advertising in violation of the laws of the State of California.

45. By these actions, Defendant have engaged in unfair competition and false advertising in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500, et seq., and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

46. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered injury and has suffered damages in an amount to be determined at trial and/or is entitled to restitution, and/or disgorgement of Defendant's profits, and injunctive relief to enjoin Defendant's unlawful conduct.

# FIFTH CAUSE OF ACTION

## Breach of Contract

47. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 46 of this Complaint.

48. Plaintiff Lanolips and Defendant entered into a valid contract, namely, the Agreement (Assignment and Settlement Agreement, dated June 30, 2016).

49. Plaintiff Lanolips has performed any and all obligations required of it under the Agreement, and/or all of the conditions, covenants, promises and other things to be completed or performed by Lanolips, except those excused by the actions of Defendant, have been satisfied or excused.

50. As alleged above, Defendant GDM has breached the Contract by using the Infringing Marks as described above, including breach of the following provisions of the Agreement:

i) Section 7.1(a) in which GDM agreed to cease using the LANO LIP mark;

ii) Section 7.1(b) in which GDM agreed to permanently refrain from using any sign, name or reference which contains "lip," "lips", "-lip", "-lips" or any other various thereof "immediately after the word 'lano'";

iii) Section 7.1(c) in which GDM agreed to permanently "remove all references to the LANO LIP Mark from . . its publication and marketing materials (including any print advertising and digital publications)";

iv) Section 7.1(d) in which GDM agreed to permanently "refrain from causing to be manufactured, importing, distributing, selling, offering for sale or promoting any products to third parties bearing the LANO LIP Mark":

v) Section 7.1(e) in which GDM agreed to "use its best endeavors to ensure than any third party (including [GDM's] authorized distributors, retailers and resellers of any products bearing the LANO LIP Mark) . . . [to] cease distributing or selling products bearing the LANO LIP mark" and to "remove and cease publication or communication to the public of any marketing or promotional materials for any products bearing the LANO LIP Mark";

vi) Section 7.1(g) in which GDM agreed to permanently "refrain from using components of the LANO LIP Marks, the Lanolips Marks or any other variation of the LANO LIP Mark or Lanolips Mark in any manner, including as meta tags, search engine keywords or as part of any communication in any media now or in the future, to redirect traffic or otherwise target consumers of the LANO LIP Mark or the Lanolips Mark"; and

vii) Section 7.1(j) in which GDM agreed to "not procure, permit, or assist any person to directly or indirectly do any of the things referred to [in] clauses 7.1(a) above, which if done by [GDM], would constitute a breach of this Agreement."

51. As a direct and proximate result of Defendant's willful and intentional breach of the Agreement, Plaintiff has suffered damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

52. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 51 of this Complaint.

53. Plaintiff Lanolips and Defendant entered into a valid contract, namely, the Agreement (Assignment and Settlement Agreement, dated June 30, 2016).

54. Plaintiff Lanolips has performed any and all obligations required of it under the Agreement, and/or all of the conditions, covenants, promises and other things to be completed or performed by Lanolips, except those excused by the actions of Defendant, have been satisfied or excused.

55. As alleged above, Defendant GDM has breached the Contract and has unfairly interfered with Plaintiff's right to receive the benefits of the Agreement, including the exclusive right to use the LANO LIP Mark and Defendant's compliance with the Agreement including Sections 7.1 (a)-(e), (g), and (j) of the Agreement.

56. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

A. That Defendant and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

1. Using the LANO LIP Mark, or any mark confusingly similar to the LANO LIP Mark, in connection with the marketing, promotion, advertising, sale, or distribution of any of their products, including but not limited on the QVC website, Amazon.com site or any other

1  online site or social media site, and as a keyword, search engine keyword, meta tag, or such

2  similar device for any search engine or website, including but not limited to Google and Yahoo!;

3      2.    Using the term "LIP" after "LANO," including in "Pure Lano Lip Balm,"

4  "Pure Lano Lip Treatment," and "Pure Lano Lip & Cuticle Treatment," and in connection with the

5  marketing, promotion, advertising, sale, or distribution of any of their products, including but not

6  limited to on the QVC website, Amazon.com site or any other online site or social media site, and

7  as a keyword, search engine keyword, meta tag, or such similar device for any search engine or

8  website, including but not limited to Google and Yahoo!;

9      3.    Manufacturing, advertising, promoting, shipping, offering for sale, selling,

10 or distributing any product in violation of 1 and 2, above, including but not limited to the "Pure

11 Lano Lip Balm," "Pure Lano Lip Treatment," and "Pure Lano Lip & Cuticle Treatment" products;

12     4.    Doing any other act or thing that is likely to cause persons to believe that

13 Defendant's goods or commercial activities originate with, or a licensed, sponsored, or authorized

14 by, Plaintiff;

15     B.    That Defendant file, within ten (10) days from entry of an injunction, a declaration

16 with this Court signed under penalty of perjury certifying the manner in which Defendant has

17 complied with the terms of the injunction;

18     C.    That Defendant be ordered to correct any erroneous impression persons may have

19 derived concerning the nature, characteristics, or qualities of either GDM's products or Plaintiff's

20 LANO LIP products, including without limitation:

21     1.    the sending of a registered letter (with a copy to Plaintiff) to all online retail

22 sites selling Defendant's products and internet search engines, including but not limited to, Google

23 and Yahoo!, requesting that Defendant's keyword advertising and sponsored advertisements be

24 removed from their search engines and/or that searches for "lano lip," "lano lips" or variations

25 thereof not retrieve Defendant's products as search results;

26     2.    the placement of corrective advertising on Defendant's websites informing

27 consumers of their prior misrepresentations regarding Plaintiff's products;

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

E. That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading descriptions or representations of fact that misrepresent the nature, quality and characteristics of Plaintiff's foreign language products;

F. That Defendant be adjudged to unlawfully and unfairly compete against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq.;

G. That Defendant be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, et seq.;

I. That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendant's infringing conduct;

J. That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

K. That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act;

L. That Plaintiff be awarded damages, restitution, and/or disgorgement of Defendant's profits in an amount sufficient to compensate it for the damage caused by Defendant's unlawful conduct under federal law and California common law, and unfair competition and false advertising under California Business and Professions Code §§ 17200 and 17500 et seq.;

M. That Defendant be ordered to pay to Plaintiff its attorneys' fees and costs under 15 U.S.C. § 1117, as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act;

N. That Plaintiff be awarded damages for Plaintiff's breaches of the Agreement and breach of the implied covenant of good faith and fair dealing;

O. That Plaintiff be awarded punitive and exemplary damages pursuant to California law on the basis of Defendant's fraudulent, malicious, willful, or oppressive conduct;

P. That Plaintiff be granted prejudgment and post judgment interest; and

R.   That Plaintiff be granted such further relief as the Court may deem just.

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff requests a trial by jury on all issues triable of right by jury.

DATED: October 18, 2016           WENDEL, ROSEN, BLACK & DEAN LLP


By: _____/s/ Eugene M. Pak_____
      Eugene M. Pak
      Attorneys for LANOLIPS PTY LTD